NELSON COLE *et al.*, Plaintiffs in Error, *v.* JOHN F. LONG, Defendant in Error.

### February 14, 1876.

1. An instruction which assumes as proved any of the material facts in issue, is properly refused.

2. In an action on a guaranty for a balance due upon lumber sold by plaintiffs to J., who had paid various sums on the account, it was not error to refuse an instruction that the jury might find for plaintiffs "the value of the lumber sold by plaintiffs to J."

3. Where there is a conflict of testimony as to material facts, and the law of the case is properly stated in an instruction, the verdict cannot be disturbed upon an assumption that the jury misconceived the law in a matter not particularly specified in the instruction.

ERROR to St. Louis Circuit Court.

*Affirmed.*

*A. R. Taylor*, for plaintiffs in error, cited: Wilde *v.* Haycroft, 2 Duv. (Ky.) 309; Michigan State Bank *v.* Peck, 28 Vt. 200; Rapelye *v.* Bailey, 5 Conn. 438; Hotchkiss *v.* Barnes, 34 Conn. 27; Grant *v.* Redsdale, 2 Har. & J. (Md.) 186; 2 Kent's Com. (12th ed.) 557; 2 Pars. on Con. (5th ed.) 14; Central Savings Bank *v.* Shine, 48 Mo. 456, 467; Boehm *v.* Murphy, 46 Mo. 57.

*Daily & Adams*, for defendant in error, cited: Thompson *v.* Botts, 8 Mo. 710; Merritt *v.* Given, 34 Mo. 98; Moffat *v.* Conklin, 35 Mo. 455; Crole *v.* Thomas, 17 Mo. 329; Belt *v.* Goode, 31 Mo. 128; Medlin *v.* Brooks, 9 Mo. 106; Otto

*v.* Bent, 48 Mo. 23; Williams *v.* Van Meter, 8 Mo. 339; Pond *v.* Wyman, 15 Mo. 175; Rogers *v.* McCune, 19 Mo. 557; State *v.* King, 44 Mo. 238; State *v.* Wissmark, 36 Mo. 592; Rankin *v.* Childs, 9 Mo. 673; Smith *v.* Anthony, 5 Mo. 504; Central Savings Bank *v.* Shine, 48 Mo. 461; Patterson *v.* Camden, 25 Mo. 13; St. Louis Gaslight Co. *v.* St. Louis, 46 Mo. 121.

LEWIS, J., delivered the opinion of the court.

Suit was commenced before a justice of the peace, on an account, amounting to $168.47, for lumber furnished by plaintiffs to one William Jones, upon an alleged guaranty from defendant, in the following terms:

"*St. Louis, Mo., November 24, 1869.*

"*Messrs. Cole & Glass, lumbermen.*

"GENTLEMEN: I am well acquainted with the bearer, William Jones, who is a good and honest man, and I would be glad to hear you had accommodated him in lumber to the amount of a few hundred dollars, for which I will hold myself responsible.

"Yours truly,

"JOHN F. LONG, 515 Chestnut."

Plaintiff obtained judgment before the justice, from which defendant appealed to the Circuit Court. At special term the defendant obtained judgment, which was afterwards affirmed in general term.

The testimony tended to prove that, upon receipt of defendant's guaranty, the plaintiffs furnished Jones with lumber, from time to time, as stated in the account, to the amount of $750.10, upon which Jones made payments at various times, so as to leave a balance due in the sum sued for. Jones testified that when he first began to get lumber upon defendant's guaranty he informed defendant of the fact. The defendant testified, however, that this was not true; that he had forgotten all about the guaranty, and heard nothing of its acceptance by plaintiffs until after the lumber had been furnished and demand was made upon him

for payment of the account. Plaintiffs prayed the court to instruct the jury as follows :

"The court instructs the jury that the instrument sued on is a continuing guaranty, and that after its acceptance by plaintiffs, and after defendant, within a reasonable time after said acceptance, had notice thereof, it continued to bind defendant for all lumber sold by plaintiffs to said Jones within the amount limited by the terms of said guaranty, and that the amount sued for is within the terms of said guaranty.

"And if the jury believe that the lumber sued for was sold by plaintiffs to Jones on the faith of said guaranty, and that, within a reasonable time after Jones began to receive lumber from plaintiffs on the faith of said guaranty, the defendant was told thereof by said Jones, and that demand for payment for said lumber was made by plaintiffs, of said Jones, before this suit was brought, and payment was not made, and that Jones was insolvent at the time this suit was brought, then the jury should find for the plaintiffs the value of the lumber sold by plaintiffs to Jones, with interest from the time demand for payment was made by plaintiffs of Jones."

The refusal of this instruction is pointed out to us as the "material error" on which the plaintiffs rely for a reversal. It is insisted that the jury were thereby made to believe that information given to defendant by Jones of the acceptance of the guaranty by plaintiffs was not a sufficient notice in law. If this were unquestionably true, the refusal would still be justified by the objectionable features elsewhere in the instruction. The acceptance by plaintiffs and the notice to defendant appear to be assumed as facts admitted, and, therefore, not in issue. We are told by plaintiffs' counsel that the intention was to state them hypothetically. But the form of expression either does not carry out the intent, or else leaves it to be discovered by speculative inference. Such instructions have no proper place before a jury.

The instruction is open to further objection, in that it tells: the jury they may find for the plaintiffs "the value of the lumber sold by plaintiffs to Jones." This, although not so intended, is open to inference that no account is to be taken of the payments which Jones had already made. When instructions are so carelessly worded, their rejection by the trial court can never furnish a ground for reversal.

The following instruction was given for plaintiffs :

"The court instructs the jury that if they believe from the evidence in this cause that, at the time Jones presented the letter of guaranty of defendant to plaintiffs, the plaintiffs were partners, and were such when this suit was brought, and that plaintiffs, on the faith of said letter of defendant, sold to Jones the lumber sued for, and that, within a reasonable time after said letter of guaranty was presented by Jones to plaintiffs, and was accepted by plaintiffs, the defendant had notice of the acceptance of the guaranty by plaintiffs, and that, before this suit was brought, plaintiffs demanded payment of Jones for said lumber, and payment thereof was not made, and that Jones was insolvent at the time this suit was brought, then the jury should find for the plaintiffs the value of the lumber so sold by plaintiffs to said Jones and not paid for, with interest at six per cent. per annum from the time that demand of payment was made, not exceeding the amount sued for, with interest."

This instruction contained all the law of the case upon which plaintiffs could claim a right to recover. There was a direct conflict between the defendant and Jones on the fact of notice ; and it is more reasonable to suppose that the jury accepted the defendant's statement as true, than that they were misled concerning the supposed insufficiency of the information given by Jones to constitute a legal notice to the defendant.

Upon the whole we can find no error in the rulings of the Circuit Court. The other judges concurring, the judgment is affirmed.